H. Miller & Sons' Co., Appellant, *v.* Mt. Lebanon Township (No. 2).

Argued September 29, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. L. Avner,* for appellant.

*Samuel A. Schreiner,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

The electors of the defendant township authorized two bond issues for the purpose of paying for the construction of a municipal building. Plaintiff duly obtained the contract for and constructed the building, and the sum of $13,429.16 is still due and owing for the work. The township admitted that it had on hand, out of the proceeds of the two bond issues, the sum of $10,296.26, which was presently available on account of plaintiff's claim, but denied that it could be compelled to pay the balance of $3,132.90, because those proceeds were not sufficient to enable it to do so. It made no other defense to the payment of the $10,296.26. In a suit brought to recover the $13,429.16, the court below sustained defendant's contention, and, on February 25, 1932, gave judgment for plaintiff in the sum of $10,296.26 only. Plaintiff appealed from the refusal to give it judgment for the balance of $3,132.90 also. That appeal is still pending, and the opinion therein will be handed down coincidently herewith. Defendant did not appeal, and hence the judgment against the township became conclusive on May 25, 1932, by reason of the Amendatory Act of March 12, 1925, P. L. 32, which declares that "No appeal shall be allowed in any case unless taken within three calendar months from the entry of the sentence, order, judgment or decree appealed from."

Not having been paid the $10,296.26 for which judgment was entered, plaintiff, on August 8, 1932, applied for a mandamus to compel its payment. Defendant expressly admits that the Act of June 8, 1893, P. L. 345, is in force and authorizes this procedure, but denies plaintiff's right to the writ for two reasons only: (1) because of the "uncertainty of the termination of the appeal" respecting the balance of $3,123.90; and (2) because by section 3402 of the First Class Township Law of June 24, 1931, P. L. 1206, 1338, it is provided that "Any taxpayer of any township may inquire into the validity of any judgment, or defend the township in any suit or

judgment, upon filing a petition with the court of common pleas of the county in which suit is pending or judgment exists." It was not and is not now alleged that such a petition has been filed, or that any taxpayer has ever stated or even hinted that he will or may file one.

The court below sustained these contentions of defendant, saying that the mandamus should not issue "unless the right to require performance......is clear and it is apparent that no valid excuse can be given for not performing it"; and, as to the above-quoted provision of the First Class Township Law, adds: "It is not clear that there is any time limitation terminating this right of intervention [by 'any taxpayer']. If this right still exists and any citizen or taxpayer of the township would thus intervene, it is exceedingly doubtful that we would issue the writ prayed for in this petition. The legislation in this Commonwealth, from a brief review of it, leaves the status of the remedy sought for by the plaintiff in this case somewhat in doubt. Accordingly, we are of the opinion that the petition of the plaintiff must be dismissed." From that order this appeal is taken.

We cannot assent to either of the reasons of the court below. Admittedly the township owes the $10,296.26 for which plaintiff recovered judgment, can no longer appeal therefrom, and has on hand the money specifically provided for its payment. "The uncertainty of the termination of the present appeal," respecting the additional $3,132.90 sought to be recovered thereby, is, therefore, a matter of no moment. Nor is it of any more importance that the Act of 1931 does not fix a "time limitation terminating the right of intervention" by a taxpayer. Unless there is a time limitation of some kind, judgment creditors of a township could never compel payment of their just claims, though, as shown by the Act of 1925, supra, appeals must be taken, if at all, "within three calendar months from the entry of the ......judgment......appealed from." This would be intolerable and is not supposable. We are clear that, in

the absence of fraud, or what is equivalent thereto, tax-payers must commence proceedings to "inquire into the validity of any judgment" during the three months within which an appeal can be taken therefrom, or they, too, will be debarred.

The order of the court below is reversed, and the record is remitted with a direction that, unless the $10,-296.26, with interest and costs, is promptly paid, a peremptory mandamus be issued to compel such payment.